IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEMINA CHARANIA  Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 4:22-cv-3474 |
| FIESTA GROCERY MARKET INC, INDIVIDUALLY AND D/B/A FIESTA MART #50  Defendant. | § § § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. § § 1441 and 1446, Defendant Fiesta Mart #50, who should be correctly named as Fiesta Mart, LLC, ("Fiesta") in the cause styled "Femina Charania v. Fiesta Grocery Market Inc, Individually and D/B/A Fiesta Mart #50," originally pending as Cause No. 202246128 in the 215th Judicial District Court of Harris County, Texas, files this Notice of Removal of the cause to the United States District Court for the Southern District of Texas, Houston Division.

## I.
## BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because there is complete diversity of citizenship between the parties. Furthermore, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal

of this action, was and is a citizen, resident, and domicile of the State of Texas.

Fiesta Grocery Market Inc., at the time of giving rise to this lawsuit, did not exist as a legal entity. Pursuant to the Original Answer filed by Fiesta Grocery Market Inc., "there is a defect of parties, Defendant, Fiesta Grocery Market, Inc." is not the correct Defendant and does not operate as Fiesta Mart #50."[1] Fiesta Grocery Market Inc. was dissolved in December 1999.[2] Therefore, Fiesta Grocery Market Inc. is not a proper party to this action and has been improperly and/or fraudulently joined, and hence its citizenship should not be considered for purposes of removal.

Fiesta Mart, LLC, the correct legal entity name for Fiesta Mart #50, at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members.[3] The sole member of Fiesta Mart, LLC was Bodega Latina Corp. (now Chedraui USA, Inc), a corporation incorporated under the laws of the State of Delaware with its principal place of business in California.[4] The corporate structure of Fiesta Mart, LLC has not changed since the time the affidavits included as Exhibits 7 and 8 were executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California but not of Texas.[5]

### III.
### IMPROPER/FRAUDULENT JOINDER

Plaintiff named Fiesta Grocery Market Inc. as a defendant. Plaintiff's only claims against Fiesta Grocery Market Inc. are based on the theory that Fiesta Grocery Market Inc. owned, operated and/or controlled the store where Plaintiff's incident occurred. However, Fiesta Grocery

---

[1] *See* Fiesta Grocery Market Inc.'s Original Answer with Verified Denial, attached hereto as Exhibit 3.
[2] Id.
[3] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[4] *See* Affidavit, attached hereto as Exhibits 7 and 8.
[5] *See Harvey*, 542 F.3d at 1080; *see also* Exhibits 7 and 8.

Market Inc. did not own, operate and/or control the store at issue on the date Plaintiff's incident occurred.[6] In fact, as outlined in its Verified Denial, Fiesta Grocery Market Inc. was dissolved in 1999, over twenty years prior to Plaintiff's alleged incident.[7]

Improper/fraudulent joinder may be established where, as here, there is no possibility that a plaintiff can maintain a cause of action against an employee based on the pleaded facts.[8] Federal courts look to Texas state law to determine whether a plaintiff may maintain a cause of action against a defendant.[9] Here, Fiesta Grocery Market Inc. has verified in its Answer that it did not exist as an entity at the time of the alleged incident, and did not own, operate and/or control the store at issue. Because there is no possibility that Plaintiff can maintain a cause of action against Fiesta Grocery Market Inc. based on the pleaded facts, Fiesta Grocery Market Inc. has been improperly joined in this matter, and its citizenship should be disregarded, resulting in complete diversity existing between the proper parties in this case.

## IV.
## FACTUAL BACKGROUND

Plaintiff claims that on or about October 22, 2020, she was injured after she slipped and fell on a standing puddle of water on the floor of Fiesta store located at 5815 Lockwood, Houston, Texas 77026.[10] Plaintiff filed suit on August 1, 2022, in the 215th Judicial District Court of Harris County, Texas, alleging a negligence cause of action against Fiesta, then subsequently filed Plaintiff's First Amended Petition, with which Fiesta Mart #50 was served, on August 31, 2022.[11]

---

[6] *See* Exhibit 3.
[7] Id.
[8] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007); *Larrouquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).
[9] *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[10] *See* Plaintiff's First Amended Petition, attached hereto as Exhibit 4, at ¶7.
[11] *See generally,* Exhibit 4.

## V.
## AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her First Amended Petition that she is seeking damages in excess of $75,000.00. Specifically, Plaintiff states that she is seeking damages over $250,000 but no more than $1,000,000, and includes the following categories of past and future damages: physical pain and suffering; physical impairment; mental anguish; and medical care and expenses.[12] Thus, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[13]

## VI.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable." 28 U.S.C. § 1446(b). Further, it is being filed within 30 days of Fiesta Mart #50 being made aware that Fiesta Grocery Market Inc. was improperly and/or fraudulently joined. Fiesta first became aware this case was removable on or about September 8, 2022, when it was served with Plaintiff's First Amended Petition, the first notice Defendant was given of this lawsuit. Accordingly, this removal is timely because it is made within thirty days after Fiesta's receipt of the document that first demonstrated the case was removable.

## VII.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division

---

[12] *Id.* at ¶¶ 4, 18.
[13] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

embrace the place in which the removed action has been pending.

## VIII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 215th Judicial District Court of Harris County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of October 6, 2022);

(2) Plaintiff's Original Petition (filed August 1, 2022);

(3) Fiesta Grocery Market Inc.'s Original Answer (filed August 29, 2022);

(4) Plaintiff's First Amended Petition (filed August 31, 2022);

(5) Officer's Return of Service on Fiesta Mart #50 (served September 8, 2022);

(6) Fiesta Mart #50's Original Answer (filed September 30, 2022);

(7) Affidavit of Michael Saltzstein;

(8) Affidavit of Adrian Rios; and

(9) List of counsel of record.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Fiesta Mart #50 respectfully prays that this case be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

*/s/ Hope Zimlich Miranda*

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
PEAVLER|BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that this document was served on all counsel of record in accordance with and pursuant to the Federal Rules of Civil Procedure on October 7, 2022.

*/s/ Hope Zimlich Miranda*
**Hope Zimlich Miranda**