# EXHIBIT 1

**Exhibit 1**

# 2022-46128

**COURT:**   215th

**FILED DATE:**   8/1/2022

**CASE TYPE:**   Premises



---

### CHARANIA, FEMINA

Attorney: FRITZ, JESSICA

### vs.

### FIESTA GROCERY MARKET INC (INDIVIDUALLY AND D/B/A FIESTA MART #50)

Attorney: RODRIGUEZ, DAVID

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

**HCDistrictclerk.com**      CHARANIA, FEMINA vs. FIESTA GROCERY MARKET                 10/6/2022
                             INC (INDIVIDUALLY AND D/B/A FIESTA MART #50)
                             Cause: 202246128        CDI: 7     Court: 215

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 9/30/2022 | ANSWER ORIGINAL PETITION | | | 0 | | MIRANDA, HOPE | FIESTA MART #50 |
| 8/31/2022 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | FRITZ, JESSICA | CHARANIA, FEMINA |
| 8/29/2022 | ANSWER ORIGINAL PETITION | | | 0 | | RODRIGUEZ, DAVID | FIESTA GROCERY MARKET INC (INDIVIDUALLY AND D/B/A FIESTA MART #50) |
| 8/1/2022 | ORIGINAL PETITION | | | 0 | | FRITZ, JESSICA | CHARANIA, FEMINA |

# EXHIBIT 2

**Exhibit 2**

8/1/2022 3:01 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 66850040
By: Taiasha Bradford
Filed: 8/1/2022 3:01 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| FEMINA CHARANIA, | § | IN THE DISTRICT COURT OF |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| **FIESTA GROCERY MARKET INC,** | § | |
| **INDIVIDUALLY AND D/B/A FIESTA** | § | |
| **MART #50,** | § | |
|     **Defendant.** | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Femina Charania ("Plaintiff") complaining of Fiesta Grocery Market Inc, Individually and D/B/A Fiesta Mart #50, ("Defendant") and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2.      Plaintiff is an individual who resides in Harris County, Texas and represented by the undersigned counsel.

3.      Defendant Fiesta Mart #50 is owned, operated, and controlled by Fiesta Grocery Market Inc, a domestic corporation authorized to do and doing business in Harris County, Texas and may be served with process by serving its registered agent: Amin V. Mohamed at 7208 Brook Valley, San Antonio, Texas 78242.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff is seeking monetary relief over $1,000,000.00.  Plaintiff reserves the right to amend his petition during and/or after the discovery process.

5.      The Court has personal jurisdiction over Defendant because it is a domestic business entity.

## VENUE

6.      Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

7.      On or about October 22, 2020, during normal business hours, Plaintiff entered upon Defendant's premises located at 5815 Lockwood, Houston, Texas 77026.  Plaintiff was shopping inside Defendant's premises when she slipped on a standing puddle of water on the floor of Defendant's premises causing Plaintiff to fall and sustain serious bodily injury.  Plaintiff did not see the puddle on the floor and Defendant's associates failed to cure or even provide warning as to the hazard. As a result of the impact Plaintiff suffered serious bodily injury.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

8.      Defendant breached its duty of ordinary care and is liable to Plaintiff for negligence by:

     a. failing to adequately provide Plaintiff assistance;

     b. failing to make the condition reasonably safe;

     c. failing to care for the premises in a reasonable manner;

     d. creating the dangerous condition; and

2

e. other acts deemed negligent.

9. Defendant's agents or employees created the dangerous condition and, therefore, Defendant had actual knowledge of the condition.

10. Defendant's breaches were the proximate cause of Plaintiff's injuries.

11. Each of the above acts or omissions constitutes negligence.

12. Plaintiff incorporates by reference the above paragraphs here.

13. At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable for the negligent acts and/or omissions of its employees under the doctrine of vicarious liability or *respondeat superior.*

14. Defendant's employees were actively negligent in one or more of the following ways:

    a. failing to maintain a hazard free premises;

    b. failing to warn Plaintiff of the hazard present;

    b. disregarding the safety of Plaintiff; and

    c. any other such acts deemed negligent.

15. Moreover, Defendant was negligent by failing to properly maintain the premises, train and supervise its employees on the proper maintenance of the premises, who in turn failed to provide Plaintiff the necessary and safe environment, causing Plaintiff to slip and fall to the ground, causing his injuries.

16. Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused by Plaintiff's injuries.

17. Each of the above acts or omissions constitutes negligence.

## DAMAGES FOR PLAINTIFF

18.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff as suffered substantial damages for which he seeks recovery from Defendant:

      a.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

      b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      c.     Physical pain and suffering in the past;

      d.     Physical pain and suffering in the future; and

      e.     Physical impairment in the past;

      f.     Physical impairment which, in all reasonable probability, will be suffered in the future;

      g.     Mental anguish in the past;

      h.     Mental anguish in the future; and

      i.     Any other damages that Plaintiff can show entitled to recover.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves his right to amend his petition and seek more or less money depending on outcome of the discovery process.

## REQUIRED DISCLOSURES

19.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby gives formal notice that Defendant must disclose, within thirty (30) days after the filing of the first answer or general appearance, the information and/or material described in rule 194.2(b).

## JURY DEMAND

20.     Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff tenders the appropriate jury fee.

## DESIGNATED E-SERVICE EMAIL ADDRESS

21.     The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: **eserve@puschnguyen.com.**  This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendant be cited in terms of law to appear and answer herein, and, that upon final trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure and any damages legally recoverable.  In addition, Plaintiff requests the award of all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PUSCH & NGUYEN LAW FIRM PLLC**

*/s/ Jessica Fritz*
Jessica Fritz
State Bar No. 24064945
6330 Gulf Freeway
Houston, Texas 77023
Telephone: (713) 524-8139
Facsimile: (713) 524-7034
E-Service: eserve@puschnguyen.com
Corresponding E-Mail: jessica@puschnguyen.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony Pusch on behalf of Jessica Fritz
Bar No. 24064945
eserve@puschnguyen.com
Envelope ID: 66850040
Status as of 8/1/2022 3:09 PM CST

Associated Case Party: Femina Charania

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Fritz | | eserve@puschnguyen.com | 8/1/2022 3:01:26 PM | SENT |

# EXHIBIT 3

**Exhibit 3**

8/29/2022 4:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67768268
By: Brenda Espinoza
Filed: 8/29/2022 4:08 PM

NO. 202246128

| | | |
|---|---|---|
| CHARANIA, FEMINA<br>Plaintiffs, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 215TH JUDICIAL DISTRICT |
| | § | |
| FIESTA GROCERY MARKET INC. | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

NOW COME Defendant, FIESTA GROCERY MARKET, INC named Defendant in the above-entitled and numbered cause, and files this Defendant's Original Answer and shows the Court:

### GENERAL DENIAL

1.      Defendant denies each and every allegation of Plaintiffs' Original Petition, and demand strict proof thereof as required by the Texas Rules of Civil Procedure.

### VERIFIED DENIAL

2.      Defendant, FIESTA GROCERY MARKET, INC is not liable in the capacity Defendant is sued, individually, or other any other capacity.

3.      There is a defect of parties, Defendant, FIESTA GROCERY MARKET, INC is not the correct Defendant and does not operate as Fiesta Mart #50.

4.      Defendant, FIESTA GROCERY MARKET, INC was dissolved in December 1999.

### PRAYER

5.      Wherefore, premises considered, Defendant, FIESTA GROCERY MARKET, INC prays that upon final trial and hearing hereof, have judgment in accordance with the law and the facts as determined by this Honorable Court and jury, that Defendant recovers all costs of Court incurred herein, together with such other and further relief, general or special, legal or equitable, to which Defendant may show himself to be justly entitled.

Respectfully submitted,
**OLIVA, SAKS, GARCIA, & CURIEL PLLC**
14255 Blanco Road,
San Antonio, Texas, 78216
Telephone:(210) 308-6600
Facsimile:(210) 308-6939

By: _____
      R. Carlo Garcia
      State Bar No: 00790744
      David Rodriguez
      State Bar No. 24085558
      OLIVA SAKS GARCIA & CURIEL PLLC
      14255 Blanco Rd.
      San Antonio, TX 78216
      T: 210-308-6600
      F: 210-308-6939
      E-mail: cglaw@osgclaw.com
      E-mail: david@osgclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all parties or counsel of record in accordance with the Texas Rule of Civil Procedure on August 29, 2022.

_____
David Rodriguez

NO. 202246128

| | | |
|---|---|---|
| CHARANIA, FEMINA<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 215TH JUDICIAL DISTRICT |
| FIESTA GROCERY MARKET INC.<br>Defendants. | §<br>§ | HARRIS COUNTY, TEXAS |

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared Arthur Rodriguez, who being duly sworn, deposed as follows:

"My name is R. Carlo Garcia. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in Defendants' Verified Denials. I hereby swear that the statements in support of Defendants' Verified Denials are true and correct."

_____
R. Carlo Garcia

SUBSCRIBED AND SWORN TO BEFORE ME on **August 29, 2022**, by R. CARLO GARCIA.

KAITLYN-MARIE TORRES
Notary Public, State of Texas
Comm. Expires 02-22-2026
Notary ID 133605044

_____
Notary Public, State of Texas

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kaitlyn-Marie Torres on behalf of Raul Carlo Garcia
Bar No. 790744
katie@osgclaw.com
Envelope ID: 67768268
Status as of 8/29/2022 4:49 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Fritz | | eserve@puschnguyen.com | 8/29/2022 4:08:02 PM | SENT |

# EXHIBIT 4

**Exhibit 4**

8/31/2022 3:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67855582
By: Cynthia Clausell-McGowan
Filed: 8/31/2022 3:18 PM

## CAUSE NO. 202246128

| | | |
|---|---|---|
| **FEMINA CHARANIA,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **FIESTA GROCERY MARKET INC,** | § | |
| **INDIVIDUALLY AND D/B/A FIESTA** | § | |
| **MART #50,** | § | |
| **Defendant.** | § | **215TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Femina Charania ("Plaintiff") complaining of Fiesta Grocery Market Inc, Individually and D/B/A Fiesta Mart #50, ("Defendant") and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff is an individual who resides in Harris County, Texas and represented by the undersigned counsel.

3.      Defendant Fiesta Mart #50 is a domestic corporation doing business in in the State of Texas. Defendant's principal place of business is in Harris County, Texas. Defendant may be served with through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201, or wherever it may be found.

## JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5.      The Court has personal jurisdiction over Defendant because it is a domestic business entity.

## VENUE

6.      Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

7.      On or about October 22, 2020, during normal business hours, Plaintiff entered upon Defendant's premises located at 5815 Lockwood, Houston, Texas 77026.  Plaintiff was shopping inside Defendant's premises when she slipped on a standing puddle of water on the floor of Defendant's premises causing Plaintiff to fall and sustain serious bodily injury.  Plaintiff did not see the puddle on the floor and Defendant's associates failed to cure or even provide warning as to the hazard. As a result of the impact Plaintiff suffered serious bodily injury.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT

8.      Defendant breached its duty of ordinary care and is liable to Plaintiff for negligence by:

        a. failing to adequately provide Plaintiff assistance;

        b. failing to make the condition reasonably safe;

        c. failing to care for the premises in a reasonable manner;

        d. creating the dangerous condition; and

e. other acts deemed negligent.

9.      Defendant's agents or employees created the dangerous condition and, therefore, Defendant had actual knowledge of the condition.

10.     Defendant's breaches were the proximate cause of Plaintiff's injuries.

11.     Each of the above acts or omissions constitutes negligence.

12.     Plaintiff incorporates by reference the above paragraphs here.

13.     At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable for the negligent acts and/or omissions of its employees under the doctrine of vicarious liability or *respondeat superior.*

14.     Defendant's employees were actively negligent in one or more of the following ways:

    a. failing to maintain a hazard free premises;

    b. failing to warn Plaintiff of the hazard present;

    b. disregarding the safety of Plaintiff; and

    c. any other such acts deemed negligent.

15.     Moreover, Defendant was negligent by failing to properly maintain the premises, train and supervise its employees on the proper maintenance of the premises, who in turn failed to provide Plaintiff the necessary and safe environment, causing Plaintiff to slip and fall to the ground, causing his injuries.

16.     Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused by Plaintiff's injuries.

17.     Each of the above acts or omissions constitutes negligence.

3

## DAMAGES FOR PLAINTIFF

18.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff
as suffered substantial damages for which he seeks recovery from Defendant:

a.      Reasonable medical care and expenses in the past.  These expenses were
incurred by Plaintiff for the necessary care and treatment of the injuries
resulting from the accident complained of herein and such charges are
reasonable and were usual and customary charges for such services in Harris
County, Texas;

b.      Reasonable and necessary medical care and expenses which will in all
reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering in the future; and

e.      Physical impairment in the past;

f.      Physical impairment which, in all reasonable probability, will be suffered in
the future;

g.      Mental anguish in the past;

h.      Mental anguish in the future; and

i.      Any other damages that Plaintiff can show entitled to recover.  Plaintiff is
seeking monetary relief over $250,000 but not more than $1,000,000.
Plaintiff reserves his right to amend his petition and seek more or less money
depending on outcome of the discovery process.

4

## REQUIRED DISCLOSURES

19.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby gives formal notice that Defendant must disclose, within thirty (30) days after the filing of the first answer or general appearance, the information and/or material described in rule 194.2(b).

## JURY DEMAND

20.     Plaintiff requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff tenders the appropriate jury fee.

## DESIGNATED E-SERVICE EMAIL ADDRESS

21.     The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, both filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: **eserve@puschnguyen.com.**  This is the undersigned's only e-service email address and service through any other email address will be considered invalid.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendant be cited in terms of law to appear and answer herein, and, that upon final trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure and any damages legally recoverable.  In addition, Plaintiff requests the award of all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PUSCH & NGUYEN LAW FIRM PLLC**

*/s/ Jessica Fritz*
Jessica Fritz
State Bar No. 24064945
6330 Gulf Freeway
Houston, Texas 77023
Telephone: (713) 524-8139
Facsimile: (713) 524-7034
E-Service: eserve@puschnguyen.com
Corresponding E-Mail: jessica@puschnguyen.com

**ATTORNEY FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Anthony Pusch on behalf of Jessica Fritz
Bar No. 24064945
eserve@puschnguyen.com
Envelope ID: 67855582
Status as of 8/31/2022 4:19 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Fritz | | eserve@puschnguyen.com | 8/31/2022 3:18:56 PM | SENT |
| Carlo Garcia | | cglaw@osgclaw.com | 8/31/2022 3:18:56 PM | SENT |
| Kaitlyn Marie-Torres | | katie@osgclaw.com | 8/31/2022 3:18:56 PM | SENT |
| David Rodriguez | | david@osgclaw.com | 8/31/2022 3:18:56 PM | SENT |

# EXHIBIT 5

Exhibit 5

9/21/2022 1:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68477172
By: Joshua Herrington
Filed: 9/21/2022 1:18 PM

CAUSE NO. 202246128

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 940968   TRACKING NO: 74047460
EML

9149-2

| | |
|---|---|
| Plaintiff: | In The 215th |
| CHARANIA, FEMINA | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| FIESTA GROCERY MARKET INC (INDIVIDUALLY AND D/B/A | Houston, Texas |
| FIESTA MART #50) | |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:    FIEST MART #50 (DOMESTIC CORPORAITON) MAY BE SERVED THROUGH ITS REGISTERED
AGENT CT CORPORATION SYSTEM  OR WHEREVER IT MAY BE FOUND
1999 BRYAN STREET SUITE 900, DALLAS TX 75201**

Attached is a copy of: PLAINTIFFS FIRST AMENDED PETITION

This instrument was filed on August 31, 2022 in the above cited cause number and court.  The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

This citation was issued on September 2, 2022, under my hand and seal of said court.

Issued at the request of:

FRITZ, JESSICA
6330 GULF FWY
HOUTON, TX  77023
713-524-8139
Bar Number: 24064945



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:CYNTHIA CLAUSELL

## CAUSE NO. 202246128

| | | |
|---|---|---|
| FEMINA CHARANIA | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| FIESTA GROCERY MARKET INC, INDIVIDUALLY AND | § | |
| D/B/A FIESTA MART #50 | § | |
| Defendant. | § | IN THE 215TH JUDICIAL DISTRICT COURT |

### AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Sep 8, 2022, 11:20 am**,

### CITATION CORPORATE, PLAINTIFF'S FIRST AMENDED PETITION,

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201-3123** within the county of **DALLAS** at **11:48 AM** on **Thu, Sep 08 2022**, by delivering a true copy to the within named

### FIESTA MART #50 (DOMESTIC CORPORATION) BY SERVING REGISTERED AGENT, CT CORPORATION SYSTEM
### accepted by Intake Specialist: George Martinez

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2024

BEFORE ME, a Notary Public, on this day personally appeared Mauricio Segovia, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ___9/8/2022___

Notary Public, State of Texas

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

# EXHIBIT 6

Exhibit 6

CAUSE NO. 202246128

| | | |
|---|---|---|
| FEMINA CHARANIA, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FIESTA GROCERY MARKET INC, | § | |
| INDIVIDUALLY AND D/B/A FIESTA MART | § | |
| #50 | § | |
| Defendant. | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER AND VERIFIED DENIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Defendant Fiesta Mart #50 hereby file its Original Answer and Verified Denial to Plaintiff's Original Petition and, in support thereof, states as follows:

**I.**
**VERIFIED DENIAL**

1.      By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from "Fiesta Grocery Market Inc., Individually and D/B/A Fiesta Mart #50" in the capacity in which it has been sued. Defendant denies that "Fiesta Grocery Market Inc., Individually and D/B/A Fiesta Mart #50" owned or operated the premises at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against "Fiesta Grocery Market Inc., Individually and D/B/A Fiesta Mart #50" because it is not a proper party to this lawsuit. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). Fiesta Mart, LLC is the proper legal entity.

**II.**

**GENERAL DENIAL**

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, say Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

**III.**

**DEFENSES**

1.      Defendant specifically denies Plaintiff's claims that it was negligent and/or that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

2.      Pleading further, Defendant claims that Plaintiff failed to use a degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to cause her injuries and damages, if any.  Such acts or omissions of Plaintiff were the sole and/or a producing and/or a proximate cause of Plaintiff's damages or injuries, if any.

3.      Defendant alleges that Plaintiff's alleged damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant.  Such acts or omissions of said third persons were the sole and/or a producing and/or a proximate cause of Plaintiff's alleged damages or injuries, if any.

4.      To the extent necessary, Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

5.      Defendant further claims that it had neither actual nor constructive knowledge of the allegedly hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

6.      Pleading further and in the alternative, Defendant claims that the premises condition asserted by Plaintiff in her Original Petition was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect her from it.

7.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of prior or pre-existing injuries, accidents or conditions, and said prior or pre-existing injuries, accidents or conditions, if any, would be the sole and/or a contributing cause of Plaintiff's damages alleged against Defendant.

8.      Defendant states that Plaintiff's alleged damages complained of, if any, may be the result of subsequent and unrelated injuries, accidents or conditions, and said injuries, accidents or conditions, if any, would be new and intervening, sole and/or a contributing cause(s) of Plaintiff's damages alleged against Defendant.

9.      Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her alleged injuries in order to continue treatment and/or inflate damages, and accordingly, Defendant contends that Plaintiff's treatment may not be medically necessary or reasonable.

10.     Defendant further contends that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her alleged damages.

11.     Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

12.     Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

13.     Defendant states that, in the unlikely event an adverse judgment would be rendered against it in this matter, Defendants would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

14.     Defendant respectfully demand a court reporter be present at all proceedings before the Court.

**IV.**
**PRAYER**

Defendant respectfully prays that Plaintiff take nothing by this cause of action, and that Defendant be permitted to recover the costs expended on its behalf.  Defendant also prays for all other and further relief, both general and special, at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Hope Zimlich Miranda
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT FIESTA MART #50**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on September 30, 2022.

/s/ Hope Zimlich Miranda
Hope Zimlich Miranda

## VERIFICATION

STATE OF TEXAS                          §
                                        §
COUNTY OF TARRANT                       §

Before me, the undersigned authority, did personally appear Hope Z. Miranda, who upon his oath deposes and says that he is one of the attorneys for Defendants, that he has never been convicted of a disqualifying crime, that she is over the age of 21, and she is fully competent to make this verification. Accordingly, Mrs. Miranda verifies that the facts alleged in the section of the foregoing pleading entitled "I. Verified Denial" are true and correct.

_____
Hope Z. Miranda

Subscribed and sworn to before me on this 27th day of September 2022.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398

# EXHIBIT 7

Exhibit 7

## AFFIDAVIT OF MICHAEL SALTZSTEIN

STATE OF __California__    §
                               §
COUNTY OF **Los Angeles**   §

      BEFORE ME, the undersigned authority, on this day personally appeared Michael Saltzstein ("Affiant"), who being by me first duly sworn, stated the following under oath:

1. "My name is Michael Saltzstein. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is Senior Director and Head of Risk Management for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp. and Fiesta Mart, LLC in my capacity as Head of Risk Management for Bodega Latina Corp.

3. Defendant Fiesta Mart, LLC is wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company with a sole member, Bodega Latina Corp. Bodega Latina Corp. is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

                                             _____
                                             Michael Saltzstein

Subscribed and sworn to before me on _April 1_____, 2020.

                                             _____

SONIA ESMERALDA TORRES
Notary Public – California
Los Angeles County
Commission # 2192073
My Comm. Expires May 12, 2021

                                        Notary Public for the State of _California_

                                        My commission expires: _May 12, 2021_
                                        Notary Stamp

# EXHIBIT 8

**Exhibit 8**

## AFFIDAVIT OF ADRIAN RIOS

STATE OF _____          §
                                        §
COUNTY OF _____           §

BEFORE ME, the undersigned authority, on this day personally appeared Adrian Rios ("Affiant"), who being by me first duly sworn, and testifying under penalty of perjury, stated the following under oath:

1. "My name is Adrian Rios. I am over twenty-one years of age, of sound mind, have never been convicted of a felony or crime of moral turpitude, and am otherwise qualified to make this affidavit.

2. My job title is National Claim Director for Bodega Latina Corp. and the facts stated herein are based on my personal knowledge obtained in that capacity. I have been authorized by Bodega Latina Corp., Chedraui, USA Inc. and Fiesta Mart, LLC to make this statement on their behalf. I am familiar with the corporate structures of Bodega Latina Corp., Chedraui, USA and Fiesta Mart, LLC in my capacity as National Claim Director for Chedraui, USA.

3. Defendant Fiesta Mart, LLC, at the time of this incident, was wholly owned by, and a subsidiary of, Bodega Latina Corp. Defendant Fiesta Mart, LLC is a limited liability company which has a sole member, Bodega Latina Corp. (whose name has since been changed to Chedraui, USA Inc.). Bodega Latina Corp. (now Chedraui, USA Inc.) is incorporated in Delaware and maintains its principal place of business in California."

The affiant says nothing further.

_____
Adrian Rios

Subscribed and sworn to before me on _____, 2022.

Please see attached certificate GRP

_____
Notary Public for the State of _____

My commission expires: _____

---

AFFIDAVIT OF ADRIAN RIOS                                              SOLO PAGE

**CALIFORNIA JURAT**                                   GOVERNMENT CODE § 8202

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _Los Angeles_____

Subscribed and sworn to (or affirmed) before me on

this __21__ day of __September__, 20__22__, by
     *Date*          *Month*        *Year*

(1) ___Adrian Rios_____

(and (2) _____),
               *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

> GLORIA L. RIESGO-FAURA
> Notary Public - California
> Los Angeles County
> Commission # 2395358
> My Comm. Expires Mar 1, 2026

Signature _____
           *Signature of Notary Public*

*Place Notary Seal and/or Stamp Above*

──────────── **OPTIONAL** ────────────

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

# EXHIBIT 9

**Exhibit 9**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEMINA CHARANIA | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:22-cv-3474 |
| FIESTA GROCERY MARKET INC, | § | |
| INDIVIDUALLY AND D/B/A FIESTA MART | § | |
| #50 | § | |
|     Defendant. | § | |

**LIST OF ALL COUNSEL OF RECORD**

**Counsel for Plaintiff Femina Charania**

**Jessica Fritz**
State Bar No. 24064945
eserve@puschnguyen.com
jessica@puschnguyen.com
**Pusch & Nguyen Law Firm, PLLC**
6330 Gulf Freeway
Houston, Texas 77023
Telephone: (713) 524-8139
Facsimile: (713) 524-7034

**Counsel for Defendant Fiesta Grocery Market, Inc.**

**R. Carlo Garcia**
State Bar No. 00790744
cglaw@osgclaw.com
**David Rodriguez**
State Bar No. 24085558
david@osgclaw.com
**Oliva Saks Garcia & Curiel PLLC**
14255 Blanco Rd.
San Antonio, Texas 78216
Telephone: (210) 308-6600
Facsimile: (210) 308-6939

**Counsel for Defendant Fiesta Mart #50**

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
PEAVLER | BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
Telephone: (214) 999-0550
Facsimile: (214) 999-0551